UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY DiBARTOLOMEO, | No. 2: 15-cv-2347 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| LINDA JIMINEZ, et al., | |
| Defendants. | |

Plaintiff is a prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated in the San Joaquin County Jail. On March 24, 2016, defendants filed a motion to dismiss. (ECF No. 19.) On April 13, 2016, plaintiff filed a motion for an extension of time to file an opposition or to postpone proceedings. (ECF No. 20.) On April 29, 2016, plaintiff filed a motion for appointment of counsel. (ECF No. 21.)

Motion for Appointment of Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

1

well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

In the motion for appointment of counsel, plaintiff alleges that he is being denied law library access.  Plaintiff also alleges that he is being denied access to copy services.  On June 2, 2016, pursuant to the All Writs Act, the undersigned directed the San Joaquin County Sheriff to file a status report addressing plaintiff's access to the law library and copy services.  (ECF No. 22.)

On June 15, 2016, the San Joaquin County Sheriff's Office filed a status report in response to the June 2, 2016 order.  (ECF No. 23.)  Attached to the status report is a declaration by Ramsey Abboushi, the law clerk in the County Jail Law library.  (ECF No. 23-1.)  In the declaration, Ramsey Abboushi states, in relevant part,

> 3.  Relevant to the current Sheriff's Status Report, I am familiar with Plaintiff Joseph DiBartolomeo because of my duties as a Law Clerk at the County Jail Law Library.  He was one of a few inmates that requested almost on a daily basis material from the law library.  My duties as law clerk included that I review the requests made by inmates and respond thereto by producing the law documents they requested.
>
> 4.  Attached hereto marked as Exhibit ("Exh") A are the requests filed by plaintiff DiBartolomeo to the County Law Library from November 2014-May 2016.  As evidenced by the large number of requests in Ex. A, you will find that plaintiff DiBartolomeo was constantly having access to the law library.  In my experience, this is an extraordinary amount of requests compared to other inmates at the County Jail.  In fact, I usually spent about one hour per day working solely on DiBartolomeo's requests.
>
> I also attach an Inmate Request Response, Exb. B, and a Legal Materials Access form, Exh. C, which I send to all inmates who ask for assistance.
>
> 5.  As the Court can tell, some of the requests have a notation indicating an answer or response was made. I am the one that labeled that an answer or request was made on the other documents in Exhibit A. When I made the notation that an answer or response was made that meant that I provided to DiBartolomeo the information he requested. Sometimes, DiBartolomeo would file so many requests all at the same that that I responded to him in bulk—meaning that I would respond to two or three or more requests in

one response. When I would respond in bulk I would mark "answered" or responded to on the top of the request and staple the stack together. I will declare under penalty of perjury, however, that I did respond to all of the requests that I received that DiBartolomeo made that included a correct citation number or chapter that was available through our services.

6. Furthermore, when DiBartolomeo requested copies of material, I always provided copies in a timely manner.

7. An exception would occur when DiBartolomeo requested office product like files, accordion folders, note pads, pencils, etc., which were not always available. On the other hand, if I had Office products to supply and DiBartolomeo requested them, I would provide them so long as it was not in my opinion, an abuse of the process – meaning the request was reasonable and properly received.

8. The Court will note that I did meet and speak with Mr. DiBartolomeo on several occasions. At those times, Mr. DiBartolomeo would ask questions about the legal process, however, I advised him that I could not answer legal questions or give advice. I did tell him that he could put his requests in writing and I would try to provide material to address his questions. Such materials that I provided were Federal Code of Civil Procedures, Federal Rules of Evidence, Constitutional Outlines on Evidence, a Constitutional Law outline and Rules of Court for State and Federal Court.

9. I am informed and believe that Mr. Bartolomeo contends that he was denied access to the law library. Based upon my duties as the Law Clerk for the period of 2014-2016, this would be an inaccurate allegation that I would refute. Rather, I believe that Mr. DiBartolomeo took advantage of the law library and my services there to a much greater degree than any other inmate there.

10. In fact, in several of our meetings while DiBartolomeo was at the Honor Farm, Mr. DiBartolomeo would approach and "thank" me for helping him and providing documents to him which he said "helped save his life." He also added on several occasions that he wanted me to take his case once I passed the State Bar. Attached hereto as Exh. D is a copy of a letter that Mr. DiBartolomeo sent to me, again, thanking me for my help.

(Id. at 2-4.)

The undersigned has reviewed the request for law library service forms attached to Ramsey Abboushi's declaration. (Id. at 7-244.) After reviewing these forms, and Ramsey Abboushi's declaration, the undersigned finds that plaintiff has adequate access to the law library and copying services. Accordingly, plaintiff's motion for appointment of counsel on grounds that he does not have adequate access to the law library and copying services is without merit.

Accordingly, plaintiff's motion for appointment of counsel is denied.

Motion for Extension of Time or to Postpone Proceedings

In the motion for extension of time or to postpone proceedings, plaintiff states that on March 24, 2016, defendants filed a motion to dismiss. Plaintiff alleges that he did not receive the motion to dismiss until April 8, 2016. Plaintiff alleges that when he received defendants' motion, the envelope it was mailed in was open. Plaintiff also alleges that the notice of motion was missing. The other documents associated with the motion, including points and authorities, were in the envelope. Plaintiff alleges that since filing his complaint on November 12, 2015, he has received several other documents that were improperly opened prior to being delivered to him. Plaintiff also alleges that jail officials "hold on to" his legal mail before delivering it to him. Plaintiff alleges that he cannot pursue this action due to the tampering with his legal mail by jail officials.

Plaintiff has cited only one specific instance of jail officials allegedly opening his legal mail and removing documents in connection with the instant action. An isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation. Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights). Accordingly, plaintiff has not shown good cause to "postpone" the proceedings based on this isolated incident of alleged tampering with his legal mail.

Because plaintiff alleges that part of defendants' motion was missing from the envelope, defendants are ordered to re-serve plaintiff with the entire motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that:

1. Within five days of the date of this order, defendants shall re-serve the motion to dismiss on plaintiff and file proof of service with the court;

2. Plaintiff's motion for extension of time to file an opposition to defendants' motion to dismiss (ECF No. 20) is granted; plaintiff's opposition is due within thirty days of the date of this order; and

////

3.  Plaintiff's motion for appointment of counsel (ECF No. 21) is denied.

Dated:  June 23, 2016

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

Dibart2347.ord