UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY DiBARTOLOMEO, | No. 2: 15-cv-2347 JAM KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| LINDA JIMINEZ, et al., | |
| Defendants. | |

I. Introduction

    Plaintiff is proceeding, without counsel, with this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). After carefully considering the record, the undersigned recommends that defendants' motion be granted in part and denied in part.

II. Legal Standard for Motion to Dismiss Brought Pursuant to Federal Rule of Civil Procedure 12(b)(6)

    Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v.

1

McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

III. Plaintiff's Claims

    A. Clarification of Claims

This action proceeds on the original complaint against defendants San Joaquin County Deputy Sheriffs Jimenez and Taiariol. (ECF No. 1.) In the order screening the complaint, the undersigned found that plaintiff stated a potential malicious prosecution claim against defendant Jimenez and a potential excessive force claim against defendant Taiariol. (ECF No. 7.)

After reviewing the complaint while considering defendants' motion to dismiss, the undersigned finds that plaintiff raises the following additional claims against defendant Jimenez:

2

1) alleged violation of the Fourth Amendment based on an allegedly illegal search of cell phone records; 2) allegedly suggestive photo line-up; and 3) allegedly false testimony to the grand jury. Defendants' motion to dismiss addresses these claims, although defendants do not directly address whether defendant Jimenez's alleged conduct violated the Fourth Amendment.

### B. Allegations in the Complaint

Plaintiff alleges that on October 11, 2013, a homicide occurred in Acampo, California. (ECF No. 1 at 4.) Defendant Jimenez conducted the initial investigation. (Id.)

On January 16, 2014, defendant Jimenez obtained a warrant for a cell phone tower dump for all cell phone providers in the Acampo area. (Id.) This warrant was issued for all cell phone towers in the Acampo area for October 11, 2013, between 3:00 a.m. and 4:00 a.m. (Id.) Plaintiff alleges that defendant Jimenez used this data to pinpoint several cell phones that were active on the morning the homicide took place. (Id.)

Plaintiff alleges that defendant Jimenez identified David Smith as owning one of the phones in use at the relevant time. (Id.) Plaintiff alleges that this David Smith did not provide a current address and that there were 218 David Smiths in San Joaquin County. (Id.) Plaintiff's name came across Smith's phone in November 2013, i.e., one month after the crime took place. (Id.)

Because plaintiff's name came across David Smith's cell phone, and plaintiff was easier to locate than the 218 David Smith's in San Joaquin County, defendant Jimenez obtained plaintiff's booking photo. (Id.) Defendant Jimenez showed plaintiff's booking photo to an eyewitness of the crime all by itself, thus implicating plaintiff in the crime and suggesting that plaintiff was "the person." (Id. at 4-5.)

Plaintiff alleges that on April 2, 2014, a warrant was issued for plaintiff's arrest for the October 2013 Acampo murder. (Id. at 5.) On April 18, 2014, plaintiff was arrested. (Id.)

Plaintiff alleges that on October 30, 2014, defendant Jimenez falsely testified in front of the grand jury. (Id. at 6.) Plaintiff alleges that defendant Jimenez falsely testified that plaintiff told her that he had never borrowed a cell phone in 2013 and that he would never put a cell phone in his name. (Id.) Plaintiff alleges that on April 18, 2014, plaintiff told defendant Jimenez during

3

1  an interview that he did not own a phone and if he needed one, he would borrow one.  (Id.)

2  Plaintiff alleges that on May 26, 2015, he filed a motion to dismiss the murder charges

3  against him for lack of probable cause, pursuant to California Penal Code § 995.  (Id. at 7.)

4  Plaintiff alleges that on September 28, 2015, Judge Humphreys granted his motion to dismiss.

5  (Id. at 9.)

6  Plaintiff alleges that on April 18, 2014, defendant Taiariol used excessive force when he

7  arrested plaintiff.  (Id. at 9-10.)

8  IV.  Discussion

9  A.  Malicious Prosecution

10  *Legal Standard*

11  A malicious prosecution claim under § 1983 is based on state law elements.  See Usher v.

12  City of Los Angeles, 828 F.2d 556, 562 (9th Cir. 1989).  In California, the malicious prosecution

13  plaintiff must plead and prove that the prior proceeding commenced by or at the direction of the

14  malicious prosecution defendant, was:  (1) pursued to a legal termination favorable to the

15  plaintiff; (2) brought without probable cause; and (3) initiated with malice.  Villa v. Cole, 4

16  Cal.App.4th 1327, 1335 (1992); Sagonowsky v. More, 64 Cal.App.4th 122, 128 (1998).  If a

17  plaintiff cannot establish any one of these three elements, his malicious prosecution action will

18  fail.  StaffPro, Inc. v. Elite Show Services, Inc., 136 Cal.App.4th 1392, 1398 (2006).

19  With respect to the element of favorable termination, this element "requires a termination

20  reflecting the merits of the action and plaintiff's innocence of the misconduct."  Pattiz v. Minye,

21  61 Cal.App.4th 822, 826 (1998).  A termination is "not necessarily favorable simply because the

22  party prevailed in the prior proceeding; the termination must relate to the merits of the action by

23  reflecting either on the innocence of or lack of responsibility for the misconduct alleged against

24  him."  Sagonowsky, 64 Cal.App.4th at 128.  "If the resolution of the underlying action leaves

25  some doubt concerning plaintiff's innocence or liability, it is not a favorable termination sufficient

26  to allow a cause of action for malicious prosecution."  Pattiz, 61 Cal.App.4th at 826.  "'It is

27  hornbook law that the plaintiff in a malicious prosecution action must plead and prove that the

28  prior judicial proceeding of which he complains terminated in his favor.'"  Sagonowsky, 64

Cal.App.4th at 128; see Awabdy v. City of Adelanto, 368 F.3d 1062, 1068 (9th Cir. 2004) (an individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence. A dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant.). "Favorable termination 'is an essential element of the tort of malicious prosecution, and it is strictly enforced.'" StaffPro, 136 Cal.App.4th at 1400. The element of favorable termination in a malicious prosecution action is a legal question for the court to decide. Id. at 1398.

*Analysis*

Defendants argue that plaintiff has not alleged and cannot prove that the murder charges, which defendant Jiminez investigated and testified regarding before the grand jury, were terminated so as to reflect his innocence. Defendants argue that, as a matter of law, a dismissal pursuant to California Penal Code § 995 does not meet the favorable termination requirement for a malicious prosecution claim. The undersigned agrees with defendants for the reasons stated herein.

An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence. Awabdy v. City of Adelanto , 368 F.3d at 1068. Under California law, a dismissal of charges pursuant to California Penal Code § 995 does not indicate innocence. California Penal Code § 995(a)(2)(B) provides that an information "shall be set aside" if "the defendant had been committed without reasonable or probable cause." "On a motion to set aside an information, the question of the guilt or innocence of the defendant is not before the court, nor does the issue concern the quantum of evidence necessary to sustain a judgment of conviction." People v. Hall, 3 Cal.3d 992, 996 (1971).

In his opposition, plaintiff does not refute defendants' argument that the dismissal of the murder charges against him, pursuant to California Penal Code § 995, did not indicate his innocence. Accordingly, because plaintiff has not and cannot demonstrate that the murder charges against him were dismissed in such a manner as to indicate his innocence, defendants'

motion to dismiss plaintiff's malicious prosecution claim should be granted.

B.  Fourth Amendment

The undersigned restates the allegations supporting plaintiff's Fourth Amendment claim herein.

In the complaint, plaintiff alleges that defendant Jimenez obtained a warrant for cell phone users in the Acampo area for October 11, 2013, between 3:00 a.m. and 4:00 a.m. One of the cell phone users was named David Smith. Plaintiff alleges that the information defendant Jimenez received in response to this warrant went beyond the scope of the warrant in that she received all cellphone users data for a 3 month period. Plaintiff's name came up on David Smith's phone in November 2013, i.e., approximately one month after the murder.

In his opposition to the motion to dismiss, plaintiff alleges that David Smith's phone indicated that plaintiff had used the phone to send text messages on November 13, 2013, November 14, 2013, November 27, 2013, and December 4, 2013. (ECF No. 27-1 at 11.) In his opposition, plaintiff argues that these text messages were not associated with the cell site connected to the crime scene, i.e., cell site location 491. (Id. at 12.) Plaintiff argues that these text messages were made in Stockton, California through cell site location 4. (Id.) Plaintiff argues that because these text messages were not made on the dates described in the warrant, or through the cell tower associated with the murder, they were beyond the scope of the warrant.[1]

In the reply to plaintiff's opposition, defendants argue that plaintiff's conclusions in his opposition that defendant Jimenez exceeded the scope of the warrant are "simply suppositions." Defendants argue that plaintiff did not produce the return of the warrant or any other document to support his suppositions.

---

[1] The undersigned observes that attached to plaintiff's opposition is what appears to be the warrant obtained by defendant Jimenez. The warrant authorizes the search of cellular sites providing service to the area of the 11833 E. Peltier Road, Acampo, California 95220 from 3:00 a.m. to 4:00 a.m. on October 11, 2013. (ECF No. 27-2 at 13.) The warrant includes all records showing active network usage (any and all communications, such as voice calls, text messages, push to talk communication and data communications) and any available records showing subscriber equipment that was idle but still connected to the provider's network during the specified period. (Id. at 14.)

The undersigned finds that plaintiff's complaint alleges sufficient facts to state a facially plausible Fourth Amendment claim. Plaintiff alleges that defendant Jimenez obtained evidence beyond the scope of the search warrant, i.e., evidence showing that plaintiff had used the phone registered to David Smith in November 2013, which was used to link him to the murder and on which his arrest was based. See Marron v. United States, 275 U.S. 192, 196 (1927) (executing officers must confine their activities to the precise scope of the warrant). Plaintiff is not required to produce the return of the warrant or any other documents to support this claim at this time. Accordingly, defendants' motion to dismiss this claim should be denied.

C. Suggestive Photo Line-Up

Plaintiff alleges that defendant Jimenez violated his constitutional rights by showing a witness a suggestive phone line-up of plaintiff. Plaintiff argues that the line-up was suggestive because it included only plaintiff's photograph.

The "Constitution guarantees the right to a fair trial and that procedural rules prohibiting the introduction of evidence derived from unduly suggestive lineups exist only to protect an accused's right to trial." Hensley v. Carey, 818 F.2d 646, 649 (7th Cir. 1987). A section 1983 plaintiff does not have "a right to an impartial lineup as long as the evidence gained through that lineup is not used at trial." Hensley, 818 F.2d at 650. The United States Supreme Court has established a prophylactic rule that protects a defendant's right to a fair trial by a barring admission of unreliable eyewitness identifications. See Manson v. Brathwaite, 432 U.S. 98 (1967); Stovall v. Denno, 388 U.S. 293 (1967). "The rule against admission of evidence from unnecessarily suggestive lineups is a prophylactic rule designed to protect a core right, that is the right to a fair trial, and it is only the violation of the core right and not the prophylactic rule that should be actionable under § 1983." Hensley, 818 F.2d at 649. "No violation of the due process clause occurs unless an improper identification has some prejudicial impact on an accused's defense." Cerbone v. County of Westchester, 508 F.Supp. 780, 786 (S.D.N.Y. 1981). There is no constitutional right "to be free of suggestive lineups." Hensley, 818 F.2d at 648 (plaintiff had no section 1983 claim arising from "an unduly suggestive lineup since he was not deprived of his right to a fair trial"); see Pyles v. Keane, 418 F.Supp. 269 (S.D.N.Y. 1976) (plaintiffs failed to

state a section 1983 claim in that they could not show that any witness who attended an unduly suggestive lineup testified at a criminal trial).

Because the murder charges against plaintiff were dismissed, plaintiff has no claim pursuant to 42 U.S.C. § 1983 based on the allegedly suggestive line-up. Accordingly, this claim should be dismissed.

### D. Grand Jury Testimony

Plaintiff alleges that defendant Jimenez falsely testified before the grand jury. Witnesses, including police officers, are absolutely immune from liability for testimony before a grand jury. Lisker v.City of Los Angeles, 780 F.3d 1237, 1241 (9th Cir. 2015) (citing Rehberg v. Paulk, 132 S. Ct. 1497, 1510 (2012)). Accordingly, this claim should be dismissed because defendant Jimenez is entitled to absolute immunity.

### E. Excessive Force

Plaintiff alleges that defendant Taiariol used excessive force when he arrested plaintiff on April 18, 2014. Defendants argue that plaintiff's excessive force claim against defendant Taiariol is barred by Heck v. Humphrey, 512 U.S. 477 (1994). A prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512 U.S. at 486–87.

Defendants argue that plaintiff pled guilty to resisting arrest in violation of California Penal Code § 148 based on the April 18, 2014 arrest by defendant Taiariol. Defendants argue that plaintiff's excessive force claim is barred by Heck because a judgment in plaintiff's favor would necessarily imply the invalidity of his resisting arrest conviction. In support of this argument, defendants ask court to take judicial notice of the Sheriff's Report documenting the arrest and the transcript from plaintiff's change of plea hearing. (ECF Nos. 19-2 at 5-19.)

On a motion to dismiss, the court may take judicial notice of facts outside the complaint without converting the motion into one for summary judgment. See, e.g., W. Radio Servs. Co. v. Qwest Corp., 678 F.3d 970, 976 (9th Cir. 2012). "The court may judicially notice a fact that is

1  not subject to reasonable dispute because it ... can be accurately and readily determined from
2  sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  A request for
3  judicial notice must be granted "if a party requests it and the court is supplied with the necessary
4  information." Id. at 201(c)(2).  As this language implies, the party who requests judicial notice
5  bears the burden to show the matter in question meets the description of Rule 201.  Newman v.
6  San Joaquin Delta Cmty. Coll. Dist., 272 F.R.D. 505, 516 (E.D. Cal.  2011).

7        While the court may take judicial notice of the fact of filing or existence and the general
8  meaning of words, phrases, and legal expressions, documents are judicially noticeable only for
9  the purpose of determining what statements have been made, not to prove the truth of the
10 contents.  But the fact that a public document may be subject to judicial notice does not establish
11 the truth of allegations or facts it reports.  See, e.g., Cactus Corner, LLC v. U.S. Dep't of Agric.,
12 346 F. Supp. 2d 1075, 1100 (E.D. Cal. 2004), aff'd, 450 F.3d 428 (9th Cir. 2006).

13       The arrest report and transcript submitted by defendants are public records.  Plaintiff's
14 complaint refers to defendant Taiariol's arrest report.  Accordingly, the undersigned takes judicial
15 notice of this report.  However, as indicated above, that the court takes judicial notice of this
16 document does not establish the truth of the allegations in the report.  In the reply to defendants'
17 opposition, plaintiff admits that he plead guilty to resisting arrest.  Accordingly, the undersigned
18 takes judicial notice of the transcript submitted by defendants.

19       For the reasons stated herein, the undersigned cannot find that plaintiff's excessive force
20 claim is Heck barred.

21       In the complaint, plaintiff alleges that defendant Taiariol wrote in his report that he had to
22 punch plaintiff in the head and deliver several elbow strikes because plaintiff would not stop
23 resisting arrest. (ECF No. 1 at 9.)  Plaintiff alleges that on October 27, 2014, Officer Salvador
24 testified before a grand jury that plaintiff "came quietly" after being arrested.  (Id.)  Plaintiff
25 alleges that defendant Taiariol wrote a false report to justify the unnecessary force.  (Id.)

26       In his opposition, plaintiff alleges that Officer Salvador testified before the grand jury that
27 once plaintiff was pulled out of a crawl space, he came quietly.  (ECF No. 27-1 at 27.)   In the
28 opposition, plaintiff admits that he plead guilty to the misdemeanor charge of resisting arrest,

pursuant to California Penal Code § 148.  (Id.)   Plaintiff argues that California Penal Code § 148 defines misdemeanor resisting arrest as resisting or obstructing an officer in the discharge of their duty.  (Id.)  Plaintiff alleges that when he was arrested, he was hiding in a crawl space, which was the basis for his pleading guilty to obstructing an officer performing his duty.  (Id.)

At this stage of the proceedings, the undersigned cannot find that plaintiff's excessive force claim against defendant Taiariol is Heck barred.  If plaintiff  pled guilty to obstructing an officer based on his having to be pulled out of a crawl space, then a finding that defendant Taiariol used excessive force would not necessarily imply the invalidity of his conviction.  Accordingly, defendants' motion to dismiss this claim on grounds that it is Heck barred should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 19) be denied as to plaintiff's Fourth Amendment claim against defendant Jimenez and plaintiff's Eighth Amendment claim alleging excessive force against defendant Taiariol; defendants' motion to dismiss should be granted in all other respects.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 6, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

De2347.mtd